IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| SHIRLEY RHYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2683 |
| | ) | |
| BANK OF AMERICA, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Shirley Rhynes ("Rhynes") brings suit for fraud in the inducement of a loan, violation of the Truth in Lending Act ("TILA"), violation of the Tennessee Consumer Protection Act ("TCPA"), negligent and intentional misrepresentation, and breach of contract. (Compl., ECF No. 6.) Before the Court is Defendants Bank of America, BAC Home Loans Servicing, LP, Bank of New York Mellon Corporation, and ReconTrust Company, N.A.'s (collectively "Defendants") August 13, 2012 Motion to Dismiss for Failure to State a Claim. (ECF No. 8.) Rhynes filed a Response on October 22, 2012. (ECF No. 12.) Defendants filed a Reply on November 2, 2012. (ECF No. 13.) For the following reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## I.   Background

The facts are those alleged in Rhynes' Complaint unless

otherwise stated.  (Compl., ECF No. 6.)  Rhynes purchased real

property located at 2650 Forrestevan Cove, Eads, Tennessee, in

2003.  (Id. ¶ 52.)  In 2005, Rhynes sought to refinance the

mortgage on her property through Streamline Mortgage, an

affiliate of Countrywide Home Loans Servicing, LP

("Countrywide") in Nashville, TN.  (Id. ¶¶ 52-53.)  With the

assistance of Streamline Mortgage employee Catherine Holton

("Holton"), Rhynes entered into an adjustable rate mortgage note

(the "Note")  and deed of trust (the "Deed") on June 23, 2005,

for a loan in an original principal amount of $501,500.00 at an

initial rate of 5.75% for thirty (30) years.  (Id. ¶¶ 62, 65-66;

Note, ECF No. 1-3; Deed, ECF No. 8-3.)  Rhynes' monthly minimum

payment for the first year was $1,613.02.  (Id.)  Rhynes also

obtained a second line of credit from a related company, Full

Spectrum Lending, in the amount of $80,000.00 as a condition of

the Note.  (Id. ¶ 89.)

Rhynes alleges that Holton was induced by financial incentives

offered by Countrywide to mislead Rhynes into agreeing to a high

risk pay-option adjustable rate mortgage ("ARM").  (Id. ¶¶ 53-

56.)  Rhynes claims that Holton misled her as to the terms of

the Note such that, despite her close reading of the loan

documents, she was unaware that her payments would increase

2

substantially at the end of the introductory period.  She also claims she did not understand that the interest rate on her loan would change monthly while her minimum payment was recalculated annually, resulting in a high risk of negative amortization on the principal balance of the Note.  (Id. ¶¶ 57-58, 71-73.)

For the years 2006, 2007, 2008, 2009, and 2010, Rhynes' monthly payments increased but remained lower than the monthly minimum interest rate, resulting in an increasing principal balance.  (Id. ¶¶ 78-79, 83-85.)  In August of 2010, Rhynes' Note converted to a fully amortizing loan.  (Id. ¶ 85.)  At the time of the Complaint, Rhynes' mortgage had a principal balance of $529,469.00 with a monthly minimum payment of $3,426.00. (Id. ¶¶ 86-87.)

In 2008, Bank of America ("BOA") acquired Countrywide and became the loan servicer for its mortgages.  (Id. ¶ 49.)  Rhynes contacted BOA's Loss Mitigation Department on numerous occasions seeking modification or restructuring of her loan.  (Id. ¶¶ 98-100.)  Rhynes alleges that she is entitled to modification under the United States Treasury's Home Affordable Mortgage Program ("HAMP"), under the Agreed Final Judgment ("AFJ") entered into between the State of Tennessee and Countrywide resolving the Tennessee Attorney General's case against Countrywide, and under a recent Settlement Agreement between the United States Department of Justice and BOA, (the "DOJ Settlement").  (Id. ¶¶

3

101-106.)  In 2009, BOA offered Rhynes a HAMP trial period loan modification that reduced her monthly payments to $2,969.03. (Id. ¶¶ 107, 114.)  Rhynes alleges that she was entitled to receive a permanent modification after making three monthly payments, but that after six payments at the trial rate she was denied permanent modification.  (Id. ¶ 115.)

Rhynes subsequently defaulted on her mortgage payments.  (Id. ¶ 116.)  Rhynes alleges that she again contacted BOA and was informed that she qualified for an "AG Modification" to her mortgage.  (Id.)  On April 28, 2011, Rhynes received a letter from BOA explaining how she could obtain the modification.  (Id. ¶ 118.)  Rhynes applied for the modification on May 28, 2011. (Id.)  On September 16, 2011, BOA denied Rhynes' application for modification and recommended that she short sell or transfer the deed to her property to avoid foreclosure.  (Id. ¶ 119.)  On September 29, 2011, after attempting to reach BOA again on multiple occasions, Rhynes received a second letter stating that her property would be foreclosed if she did not enter into a short sale by October 29, 2011.  (Id. ¶ 121-125.)

Rhynes continued to request modification of her loan from BOA. (Id. ¶¶ 127-130.)  On October 21, 2011, Rhynes was informed that the Tennessee Office of the Comptroller of the Currency ("OCC") had opened a case about her mortgage in its Customer Assistance Group.  (Id. ¶ 26.)  In February of 2012, BOA entered into the

4

DOJ Settlement.  (Id. ¶ 131.)  Rhynes alleges that she is entitled to relief under that settlement agreement.  (Id. ¶ 132.)  On March 9, 2012, BOA denied Rhynes' most recent request for modification.  (Id. ¶ 133.)  On April 13, 2012, Rhynes received a Notice of Acceleration and a Notice of Right to Foreclose from ReconTrust Company, N.A. ("ReconTrust").  (Id. ¶ 136.)  At the time of the Notice of Acceleration and Foreclosure, the principal balance on Rhynes' mortgage was $623,000.00 and the value of the property as assessed by BOA was $379,000.00.  (Id. ¶ 134.)

## II.  Jurisdiction and Choice of Law

Jurisdiction in this Court is proper under 28 U.S.C § 1332. The parties are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

In a diversity action, state substantive law governs.  See Brocklehurst v. PPG Indus., Inc., 123 F.3d 890, 894 (6th Cir. 1997) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  To determine the governing state law, a federal district court must apply the choice-of-law rules of the state in which it sits.  See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); Montgomery v. Wyeth, 580 F.3d 455, 459 (6th Cir. 2009) (citation omitted).

For contract claims, Tennessee follows the rule of lex loci contractus, which provides that "a contract is presumed to be

governed by the law of the jurisdiction in which it was executed absent a contrary intent." Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)); see also Southeast Tex. Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 n.8 (6th Cir. 2006) (observing that "Tennessee adheres to the rule of lex loci contractus."). "If the parties manifest an intent to instead apply the laws of another jurisdiction, then that intent will be honored provided certain requirements are met": (1) the choice of law provision must be executed in good faith, (2) the chosen jurisdiction must bear a material connection to the transaction, (3) the basis for the choice of law must be reasonable, and (4) the choice of "another jurisdiction's law must not be 'contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern.'" Vantage Tech. 17 S.W.3d at 650 (citations omitted).

The Note and Deed were entered into in Tennessee and do not manifest an intent to apply the laws of another jurisdiction. (Note, ECF No. 1-3.) All contract claims will be decided under the substantive law of Tennessee.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other

6

state has a more significant relationship to the litigation." Hicks v. Lewis, 148 S.W.3d 80, 86 (Tenn. Ct. App. 2003) (quoting Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992)).  The alleged injuries in this case occurred in Tennessee, Rhynes is a citizen of Tennessee, and the Defendants do not contend that another state's law should apply.  Tennessee substantive law governs all tort claims.

## III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  "Specific facts are not necessary; the statement need

only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (citing Twombly, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery."  Id. at 679.

## IV. Analysis

Rhynes' Complaint asserts claims against the Defendants based on two separate transactions, the original Note and the trial modification, and a third independent claim under the TILA for Defendants' alleged failure to notify Rhynes of the change in ownership of her mortgage.  For the original Note, Rhynes brings suit for fraud in the inducement, negligent and intentional misrepresentation, and violation of the TCPA.  She seeks rescission of the Note and Deed, permanent injunction of

collection and foreclosure, and damages under the TCPA. For the trial modification, Rhynes brings suit for breach of contract and violation of the TCPA. She seeks an order requiring Defendants to modify or restructure her loan and damages under the TCPA. For the failure to notify her of the change in ownership of her mortgage, Rhynes brings suit under Regulation Z, promulgated under the TILA, and seeks actual and statutory damages and a complete history of the ownership of her mortgage loan.

## A. The Original Mortgage

### 1. Fraud in the Inducement

Rhynes alleges that she was induced to agree to the Note by "a complex scheme to mislead consumers...about the real nature of Pay Option ARMs," and that she "reasonably relied on active misrepresentations and concealment...which fraudulently induced her to enter into a very toxic and exploitative loan agreement." (Compl. ¶ 139-140.) Defendants argue that Rhynes' claim is barred by the three-year statute of limitations under Tenn. Code Ann. § 28-3-105, which applies to property tort actions. (Mot. to Dismiss.) Rhynes contends that her claim is actually governed by the seven-year statute of limitations under Tenn. Code Ann. §28-2-103, which applies to fraudulent conveyances and adverse possession. (Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss, ECF No. 12.) Rhynes entered into the Note on June 23,

2005, and filed her Complaint in the Chancery Court on June 22, 2012, one day short of seven years after the transaction occurred. (See Note; Compl.)

In Tennessee, the appropriate statute of limitations is determined by the gravamen of the complaint and the injury alleged. Mike v. Po Group, 937 S.W.2d 790, 793 (Tenn. 1996). To ascertain the gravamen of the action, the Court must look to the basis for which damages are sought. Id. A plaintiff who is fraudulently induced to enter into an agreement may elect to (1) treat the agreement as voidable and sue for rescission, or to (2) treat the agreement as existing and sue for damages at law under a tort theory based on deceit. See, e.g., Davis v. Conner, No. M2008-00661-COA-R3-CV, 2009 Tenn. App. LEXIS 705, at *22-23 (Tenn. Ct. App. Oct. 26, 2009). Although Rhynes' Prayer for Relief is somewhat contradictory, when addressing the original mortgage transaction she explicitly seeks rescission. (Compl., Prayer for Relief ¶ 2.)

By its terms § 28-2-103 does not apply to Rhynes' cause of action for fraud in the inducement. Section 28-2-103 establishes the limitations period for actions seeking recovery of lands from adverse possessors. See Tenn. Code Ann. §§ 28-2-101, et seq. Rhynes' fraud in the inducement claim is not a claim against an adverse possessor and does not seek the recovery of lands. It does not appear from Rhynes' Complaint,

10

which asks the Court to enjoin the Defendants from foreclosing on 2650 Forrestevan Cove, that the Defendants are in possession of the property.   If they were, it would be by foreclosure sale and not adverse possession.   Rhynes also does not seek to recover title to the property.   If Rhynes' claim for rescission were granted, she would be relieved of her burden of making payments on the loan and receive restitution equal to the amounts already paid.   (Compl., Prayer for Relief ¶ 2); see Stonecipher v. Estate of M.E. Gray, No. M1998-00980-COA-R3-CV, 2001 Tenn. App. LEXIS 326, at *16 (Tenn. Ct. App. May 4, 2001) ("[T]he purpose of rescission is to return the parties to the position they would have been in had the contract not existed.").   The seven-year statute of limitations is not applicable in this case.   See Humphreys v. Bank of Am. Corp., No. 11-2514-STA-tmp, 2012 U.S. Dist. LEXIS 40954, at *25-26 (W.D. Tenn. Mar. 26, 2012).

The appropriate limitations period for fraud in the inducement of a contract for real property is three years under § 28-3-105.   Humphreys, 2012 U.S. Dist. LEXIS 40954, at *22, 26; see also Vance v. Schulder, 547 S.W.2d, 927, 931-32 (Tenn. 1977); Am. Fid. Fire Ins. Co. v. Tucker, 671 S.W.2d 837, 841 (Tenn. Ct. App. 1983); Dale v. B & J Enterprises, No. E2011-01790-COA R9-CV, 2012 Tenn. App. LEXIS 298, at *26 (Tenn. Ct. App. May 10, 2012) ("[W]here a homebuyer sued the seller,

alleging fraud in the inducement of a contract...[l]ooking to the gravamen of the complaint, the Court held that...these causes of action were subject to the three-year statute of limitations for injuries to real property found at Tenn. Code Ann. § 28-3-105.") Because of the nature of Rhynes' claim, any fraudulent acts must have occurred on or before June 23, 2005, when she entered into the original Note and Deed.

Application of the three-year limitation period does not mean that Rhynes' claim fails as a matter of law because it was not filed on or before June 23, 2008. The discovery rule applies to claims for fraud. The "discovery rule tolls the statute of limitations until the plaintiff, in the exercise of reasonable diligence, should have been aware of the facts sufficient to put [her] on notice that [she] suffered an injury as a result of wrongful conduct." Humphreys, 2012 U.S. Dist. LEXIS 40954, at *26.

Rhynes' facts must be accepted as true for the purpose of deciding her Motion to Dismiss. Rhynes alleges that a fraud was perpetrated when Defendants' agent, Holton, misled her as to the facts that her mortgage payment would increase substantially each year, that the interest rate on her loan would change monthly while the payment amount would change yearly resulting in a high risk of negative amortization, and that the loan would convert to a fully amortized mortgage after five years. (Compl.

¶¶ 71-74.)  Given the nature of the alleged fraud, Rhynes, in the exercise of reasonable diligence, should have been on notice about the nature of her injury as early as August of 2006, when she received her first monthly payment adjustment and a statement showing that her principal had increased.  (Compl. ¶ 78.)  At the latest, Rhynes should have been on notice in August of 2007, when she received her second monthly payment adjustment and a statement showing that her principal had increased. (Compl. ¶ 79.); see Humphreys, 2012 U.S. Dist. LEXIS 40954, at *27-28.  Although Rhynes' Complaint does not give specific dates, she alleges that, "when [she] began to get notices of payment increases," she realized that her loan was not what she understood it to be and began contacting BOA repeatedly, seeking an explanation and modification of her loan.  (Compl. ¶ 94.)

It is clear based on Rhynes' alleged facts that she was or should have been on notice that she had suffered an injury as a result of Defendants' alleged wrongful conduct no later than August 31, 2007.  For Rhynes' fraud in the inducement claim to survive under the three-year statute of limitations, she had to file her claim on or before August 31, 2010.  Rhynes' claim is untimely.

Rhynes' fraud in the inducement claim is time-barred.  As a matter of law, Rhynes cannot state a claim on which relief can

be granted.   Rhynes' claim against the Defendants for fraud in the inducement of a contract is DISMISSED.

### 2. Negligent and Intentional Misrepresentation

Rhynes brings separate claims for negligent and intentional misrepresentation.   She alleges that the Defendants made negligent misrepresentations when they "supplied false information regarding the nature and terms of the Pay Option ARM loan," and "failed to exercise reasonable care or competence in communicating this information" to her.   (Compl. ¶¶ 151-153.) Rhynes alleges that the Defendants made intentional misrepresentations when they "supplied false information regarding the nature and terms of the Pay Option ARM loan," and that they "knew the falsity of the information furnished" to her.   (Id. ¶¶ 155-157.)   Rhynes claims that she "justifiably relied upon these representations" when electing to enter into the original mortgage agreement.   (Id. ¶¶ 152, 156.)   Defendants argue that Rhynes' claim is barred by the three-year statute of limitations under Tenn. Code Ann. § 28-3-105.   (Mot. to Dismiss.)   Rhynes does not explicitly contest the application of § 28-3-105 to her misrepresentation claims,[1] but contends that

---

[1] Rhynes states that she "disagrees that the three-year statute of limitations...applies to action for recission and restitution based on fraud in the inducement of a loan transaction." (Pl.'s Resp.)  To the extent that this can be read as a an argument in favor of applying the seven-year statute of limitations in § 28-2-103 to her misrepresentation claims, it is erroneous for the reasons given in section IV(A)(1) above.

her claims were brought within three years of her discovery of the alleged misrepresentations.  (Pl.'s Resp.)

Rhynes correctly asserts that the discovery rule applies to claims for negligent and intentional misrepresentation.  "'A cause of action accrues for either intentional or negligent misrepresentation when a plaintiff discovers or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof.'"  Harris v. Nationwide Mut. Fire Ins. Co., No. 3:11-0412, 2012 U.S. dist. LEXIS 97158, at *8 (M.D. Tenn. July 12, 2012) (quoting Med. Educ. Assistance Corp. v. State, 19 S.W.3d 803, 817 (Tenn. Ct. App. 1999)).  Rhynes contends that her claim is timely because, when she contacted BOA for information about her loan before 2009, BOA did not respond.  (Resp.; Compl. ¶¶ 94-97.)  She claims that she was not aware of the full extent of her injury until her mortgage converted to a fully amortized note in August of 2010, and that she was not aware of her right to recovery until the AFJ was entered into between Countrywide and the State of Tennessee on January 22, 2009.  (Resp.; Compl. ¶¶ 87-89.)

Under the discovery rule, "a cause of action accrues and the statute of limitations begins to run...when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that [she] has suffered an injury as a result of wrongful conduct.'"  Redwing v. Catholic Bishop for the

15

Diocese of Memphis, 363 S.W.3d 436, 459 (Tenn. 2011) (quoting Carvell v. Bottoms, 900 S.W.2d 23, 29 (Tenn. 1995)). Rhynes need not have had knowledge of the exact extent of the injury she suffered or access to all of the information she sought from BOA explaining the terms of her mortgage. "The discovery rule does not delay the accrual of a cause of action and the commencement of the statute of limitation until the plaintiff knows the full extent of the damages....The discovery rule is not intended to permit a plaintiff to delay filing suit until the discovery of all the facts that affect the merits of his or her claim." Redwing, 363 S.W.3d at 459 (internal quotations and citations omitted). Rhynes' cause of action under the AFJ has no bearing on whether she should have been aware that she had accrued a common law cause of action against Defendants for negligent or intentional misrepresentation. Even if it did, the AFJ was entered more than 3 years before Rhynes filed her Complaint.

Like the acts Rhynes alleges fraudulently induced her to enter into the loan, all of the misrepresentations that she alleges must have occurred on or before the signing of the Note on June 23, 2005. The same analysis applies. Rhynes was on notice that she had suffered an injury as a result of Defendants' alleged wrongful actions no later than August 31, 2007. Rhynes' claims for negligent and intentional

misrepresentation are untimely under the three-year statute of limitations.

Rhynes' negligent and intentional misrepresentation claims are time-barred.  As a matter of law, Rhynes cannot state a claim on which relief can be granted.  Rhynes' claims against the Defendants for negligent and intentional misrepresentation are DISMISSED.

### 3. Violation of the TCPA

The Court understands Rhynes to bring two separate claims under the TCPA, one based on Defendants' alleged wrongful actions during the original loan transaction and one based on Defendants' alleged wrongful actions during the trial modification of Rhynes' monthly payments under the Note.  Rhynes alleges that the Defendants "committed deceptive acts, or made material misrepresentations or omissions in violation of Tenn. Code Ann. § 47-18-104(a), (b)(5), and (b)(27)," and that the violation of the TCPA was "willful and knowing."  (Compl. ¶¶ 146-147.)  Defendants argue that Rhynes' claims under the TCPA, insofar as they relate to alleged unfair or deceptive practices during the original loan transaction, are barred by the statute of limitations at Tenn. Code Ann. §47-18-110.  (Mot. to Dismiss.)

Section 47-18-110 states that "[a]ny action commenced pursuant to [the private right of action under the TCPA] shall be brought

within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under [the private right of action] be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief."  As discussed above, Rhynes should have been on notice that she had suffered an injury as a result of the alleged wrongful actions of the defendant no later than August 31, 2007, and her claim is therefore untimely.  Even if, as Rhynes contends, her discovery of the wrongful actions of the Defendants was as late as August of 2010, her TCPA claim is untimely because her suit was filed almost seven years after the date of the mortgage transaction.

Rhynes' TCPA claims based on the original mortgage transaction are time-barred.  As a matter of law, Rhynes cannot state a claim on which relief can be granted.  Rhynes' claims against the Defendants for violation of the TCPA in the original mortgage transaction are DISMISSED.

## B. The Trial Modification

### 1. Breach of Contract

Rhynes alleges that, by "giving [her] a trial modification with the express understanding that it would become a permanent modificiation upon successful completion of the trial modification period and then failing to grant the permanent modification, the Defendants...have breached their contract with

18

[her]."   Defendants  contend  that  the  alleged  trial  modification
is  not  contained  in  a  writing  signed  by  Defendants  and  is
therefore  unenforceable  under  the  Tennessee  Statute  of  Frauds.
(Mot.  to  Dismiss.)   Rhynes  contends  that  her  claim  is  not
subject  to  the  requirements  of  the  Statute  of  Frauds  because  it
satisfies  the  requirements  of  the  exception  of  equitable
estoppel.   (Pl.'s  Resp.)   She  also  argues  that  she  can  state  a
breach  of  contract  claim  based  on  the  Temporary  Payment  Plan
("TPP")  she  received  when  she  took  part  in  the  trial
modification.   (Id.)   Defendants  contend  that  the  TPP  cannot
form  the  basis  of  a  breach  of  contract  claim  because  it  is  an
agreement  to  agree,  that  Rhynes  has  not  alleged  sufficient  facts
to  show  that  she  was  in  compliance  with  the  terms  of  the  TPP,
and  that  equitable  estoppel  cannot  apply  to  future  events  or
promises.   (Defs.'  Reply,  ECF  No.  13.)

### a. TPP

The  TPP  is  not  properly  before  the  Court.   "When  the  court
is  presented  with  a  Rule  12(b)(6)  motion,  it  may  consider  the
Complaint  and  any  exhibits  attached  thereto,  public  records,
items  appearing  in  the  record  of  the  case  and  exhibits  attached
to  defendant's  motion  to  dismiss  as  long  as  they  are  referred  to
in  the  Complaint  and  are  central  to  the  claims  contained
therein."   Bassett  v.  NCAA,  528  F.3d  426,  430  (6th  Cir.  2008)).
If  "on  a  motion  under  Rule  12(b)(6)...matters  outside  the

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Rhynes' Complaint does not specifically mention the TPP or any written agreement that evidences the trial modification. Rhynes alleges only that she was "offered...a HAMP Trial Period Agreement for a Loan Modification with payments of $2969.03, [but] these terms did not meet those to which she is entitled," that she was "offered a trial modification under the HAMP program," and that "[s]he was promised that if she made scheduled payments for three months under the trial modification, she would receive a permanent loan modification." (Compl. ¶¶ 107, 114-115.)  Rhynes' Complaint implies, at best, an oral agreement, and no documentation of the alleged offer or her acceptance of the offer is attached.  The Defendants' Motion to Dismiss does not mention the TPP and, as discussed below, seeks to dismiss Rhynes' breach of contract claim on the ground that it is barred by the Statute of Frauds.

Rhynes first advances an argument based on the TPP in her Response, with a separate argument alleging that she is not subject to the statute of frauds based on the doctrine of equitable estoppel.  Rhynes never submitted the TPP into the

record.  In their Reply to Rhynes' Response to Defendants'
Motion to Dismiss, Defendants submitted a copy of the TPP that
was not signed by either party.  Even if properly before the
Court, an unsigned copy could not serve as evidence of a written
agreement under the Tennessee Statute of Frauds.  See Tenn. Code
Ann. § 29-2-101(b)(1).  The TPP is a matter outside the
pleadings, and the Court cannot consider it without converting
Defendants' Motion to a Motion for Summary Judgment.  Fed. R.
Civ. P. 12(d).

The Court has the discretion to decide, in the
circumstances of a particular case, whether it is appropriate to
exclude matters outside the pleadings or to convert the Motion.
Id.  It would not be appropriate to convert the Motion on this
record, which does not include reliable evidence.

### b. Statute of Frauds and Equitable Estoppel

"In a breach of contract action, claimants must prove the
existence of a valid and enforceable contract, a deficiency in
the performance amounting to a breach, and damages caused by the
breach."  Fed. Ins. Co. v. Winters, 354 S.W.3d 287, 291 (Tenn.
2011).  In Tennessee, certain types of contracts are not
considered valid and enforceable unless they are memorialized in
a writing.  Shah v. Racetrac Petroleum Co., 338 F.3d 557, 573
(6th Cir. 2003).  The Tennessee Statute of Frauds provides that:

21

No action shall be brought against a lender or creditor... upon any promise or commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.

Tenn. Code Ann. § 29-2-101(b)(1).

Rhynes does not allege that she has a writing signed by Defendants memorializing their alleged promise to modify her existing mortgage loan agreement. She contends that she is exempt from the requirements of the Statute of Frauds under the doctrine of equitable estoppel. Rhynes argues that she "was led to believe that she would receive a permanent loan modification if she complied with the temporary loan payments," and that "[i]nstead of getting a permanent modification she was kept in limbo believing that she would eventually receive payment modification until she eventually defaulted on her payments." (Pl.'s Resp.)

Insofar as Rhynes states an estoppel defense, it is one for promissory, rather than equitable, estoppel. "In the typical equitable estoppel situation, the defendant has represented an existing or past fact to the plaintiff, who reasonably and in ignorance relied upon the representation to his detriment. Equitable estoppel necessarily preclude[s] the claimant's reliance on the defendant's present or future intention, which

initiate[s] the development of promissory estoppel." <u>Hood Land Trust v. Hastings</u>, No. M2009-02625-COA-R3-CV, 2010 Tenn. App. LEXIS 623, at *17 (Tenn. Ct. App. Oct. 5, 2010) (internal citations omitted) (emphasis in original).  Presuming for purposes of deciding this Motion that Defendants expressly promised they would modify Rhynes' loan, Tennessee law "do[es] not consider a promise alone sufficient to constitute a representation of material fact for purposes of equitable estoppel."  <u>Id.</u> at *18.

Even treating Rhynes' argument as a properly alleged defense of promissory estoppel, her breach of contract claim cannot survive.  "Promissory estoppel is a sword, based on the failure to deliver on a promise, while equitable estoppel is a shield a plaintiff can raise against the defense of the statute of frauds."  <u>Seramur v. Life Care Ctrs. of Am., Inc.</u>, No. E2008-01364-COA-R3-CV, 2009 Tenn. App. LEXIS 126, at *14, (Tenn. Ct. App. Apr. 2, 2009).  The Tennessee Supreme Court has rejected promissory estoppel as an exception to the statute of frauds. <u>See</u> <u>Southern Indus. Banking Corp. v. Delta Properties, Inc.</u>, 542 S.W.2d 815 (Tenn. 1976); <u>see also</u>, <u>e.g.</u>, <u>Seramur</u>, 2009 Tenn. App. LEXIS 126, at *14 ("promissory estoppel is not recognized as an exception to the statute of frauds."); <u>Regions Bank v. Lost Cove Campgrounds, Inc.</u>, No. M2009-02389-COA-R3-Cv, 2010 Tenn. App. LEXIC 699, at *7 (Tenn. Ct. App. Nov. 9, 2010); <u>but</u>

see Carbon Processing & Reclamation, LLC v. Valero Mktg. &
Supply Co., 823 F. Supp. 2d 786, 820-23 (W.D. Tenn. 2011)
(certifying to the Tennessee Supreme Court the question of
whether promissory estoppel can operate as an exception to the
Statute of Frauds) (certification denied by the Tennessee
Supreme Court on grounds that the question was overbroad and was
rendered moot by the decision of the District Court).

Rhynes has not alleged sufficient facts to plead a valid
and enforceable contract between her and the Defendants.  She
has not properly alleged an exemption based on equitable
estoppel and cannot, as a matter of law, allege an exemption
based on promissory estoppel.  Rhynes has failed to plead the
elements of a claim for breach of contract and, as a matter of
law, cannot state a claim for which relief can be granted.
Rhynes' claim against Defendants for breach of a contract
modifying her original mortgage loan is DISMISSED.

## 2. Violation of the TCPA

Rhynes alleges that the Defendants "committed deceptive
acts, or made material misrepresentations or omissions in
violation of Tenn. Code Ann. § 47-18-104(a), (b)(5), and
(b)(27)," and that their violation of the TCPA was "willful and
knowing."  (Compl. ¶¶ 146-147.)  She further alleges that
Defendants "concealed their unfair and deceptive acts and
practices from [her] and the acts continued to the present

24

because of their prolonged pretense of consideration of a loan modification, thereby discouraging [her] from seeking redress," and that "[t]hese acts also include failure to advise the Plaintiff of her eligibility for relief through the Agreed Final Judgment."  (Id. ¶¶ 148-149.)  Rhynes bases her claims on her assertion that she is entitled to loan modification under HAMP, the AFJ, and the DOJ Settlement.  The Defendants argue that Rhynes has no private right of action under any of the alleged statutes or agreements, that the TCPA does not apply because the conduct at issue is a foreclosure transaction, and that Rhynes fails to allege sufficient facts to satisfy the elevated pleading standard of Rule 9(b).  (Mot. to Dismiss.)  As discussed above, any unfair or deceptive practices related to the origination of Rhynes' mortgage are time-barred and cannot be the basis of a claim for relief against the Defendants.

To state a claim for relief under the TCPA, a plaintiff must allege that she has "suffer[ed] an ascertainable loss of money or property...as a result of the use or employment of an unfair or deceptive practice described in § 27-18-104(b)." Tenn. Code Ann. § 27-18-109(a)(1).  A claim for violation of the TCPA is a claim of fraud, and it must be alleged with particularity under the elevated pleading standard of Federal Rule of Civil Procedure 9(b).  Asemota v. Suntrust Mortg., Inc., No. 11-2816-STA-dkv, 2012 U.S. Dist. LEXIS 83744, at *37-38

(W.D. Tenn. June 18, 2012). "To plead fraud with particularity, the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." Chesbrough v. VPA, P.C., 655 F.3d 461, 467 (6th Cir. 2011).

### a. Foreclosure Dispute

Defendants contend that Rhynes cannot state a claim for which relief can be granted under the TCPA because the Defendants' alleged wrongdoing was in the context of a foreclosure dispute. To state a claim under the TCPA, alleged unfair or deceptive acts must affect trade or commerce. Tenn. Code Ann. § 47-18-104(a). Trade and commerce are defined by the TCPA as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. § 47-18-103(19). In Pursell v. First American National Bank, the Tennessee Supreme Court held that trade and commerce did not include a "dispute [arising] over repossession of the collateral securing [a] loan." 937 S.W.2d 838, 842 (Tenn. 1996).

Rhynes' TCPA claim asserts false and misleading representations and actions by the Defendants in response to her

attempts to secure a modification of her mortgage loan and to prevent foreclosure. She contends that the <u>Pursell</u> Court expressly limited its holding to the facts of the case and that even assuming it did intend to exempt foreclosure litigation generally, her claim relates to Defendants' loan servicing practices and offers of loan modification before any attempt to repossess her property.

The Court understands Rhynes' argument to be that Defendants' actions were unfair and deceptive because Defendants led her to believe she would be granted a loan modification that would allow her to escape foreclosure when in reality she was maneuvered into a position where her only options were to allow foreclosure or submit to a short sale of her property. Based on that understanding of Rhynes' claim, Defendants' contention that their actions are exempt under the reasoning of <u>Pursell</u> is well-taken although, at the time of the Complaint, foreclosure had not occurred.

Federal courts in all three districts of Tennessee have adopted the reasoning of <u>Pursell</u> in a number of cases. <u>See</u>, <u>e.g.</u>, <u>Gray v. Bank of Am., N.A.</u>, No. 3:12-CV-105, 2012 U.S. Dist. LEXIS 109536, at *12-13 (E.D. Tenn. Aug. 6, 2012); <u>Vaughter v. BAC Home Loans Servicing, LP</u>, No. 3:11-cv-00776, 2012 U.S. Dist. LEXIS 6066, at *17-18 (M.D. Tenn. Jan. 19, 2012); <u>Peoples v. Bank of Am.</u>, No. 11-2863-STA, 2012 U.S. Dist.

LEXIS 22208, at *33-35 (W.D. Tenn. Feb 22, 2012).  Many of these cases explicitly state that the TCPA does not apply to "the manner in which Defendants negotiate[] the loan modification or forbearance agreement" while simultaneously pursuing foreclosure proceedings.  Peoples, 2012 U.S. Dist. LEXIS 22208, at *35; see also, e.g., Knowles v. Chase Home Fin., No. 1:11-cv-01051-JDB-egb, 2012 U.S. Dist. LEXIS 1666748, at *23-24 (W.D. Tenn. Aug. 2, 2012) ("courts have consistently held that a lender's actions related to foreclosure and debt-collection, even when it is also pursuing loan modification, are not covered under the TCPA.").

Defendants' alleged unfair and deceptive practices regarding the trial modification offered to Rhynes are not covered under the TCPA.  Rhynes cannot state a claim for which relief can be granted under the TCPA, and her claim is DISMISSED.

### b. Rule 9(b)

Even if Rhynes' TCPA claim were not exempt, she would fail to state a claim on which relief can be granted because her Complaint does not satisfy the elevated pleading standard of Rule 9(b).  A plaintiff seeking to bring a claim under the TCPA must allege with particularity that the defendant (1) "engaged in an unfair or deceptive act or practice declared unlawful by the TCPA," (2) that the plaintiff suffered "an ascertainable loss of money or property," and (3) that "the defendant's

28

conduct caused" the loss. <u>Asemota</u>, 2012 U.S. Dist. LEXIS 83744, at *35 (internal citations omitted).

Rhynes cannot allege any entitlement to recovery under § 47-18-104(b)(27) or the AFJ. Section 47-18-104(b)(27) explicitly states that "enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter and the director of the division." <u>See</u> <u>Malone v. Nat'l Bank Assoc.</u>, No. 12-3019-STA, 2013 U.S. Dist. LEXIS 12231, at *22 (W.D. Tenn. Jan. 30, 2013). Rhynes cannot state a claim under subdivision 104(b)(27) because there is no private right of action under that subdivision.

Rhynes also cannot state a claim for relief under the AFJ. The AFJ is a settlement reached by Countrywide and the Attorney General of the State of Tennessee. (AFJ, ECF No. 6-1.) Rhynes is not a party to the AFJ. Rhynes is also not an intended or incidental third-party beneficiary of the AFJ. The AFJ explicitly states that it "is not intended to confer upon any person any rights or remedies, including as a third party beneficiary." (AFJ, ¶ 106) The AFJ is "not intended to create a private right of action on the part of any person or entity other than the Parties." (<u>Id.</u>) Rhynes cannot successfully maintain that the Defendants committed unfair and deceptive practices by failing to advise her of her entitlement to relief under the AFJ or by failing to grant a loan modification

29

consistent with the AFJ because she has no entitlement to relief under the AFJ.

Rhynes fails to plead any claim under the DOJ Settlement or HAMP sufficiently.  Although she invokes the DOJ Settlement, she alleges only that, "[u]pon information and belief [she] qualifies for assistance under the newly announced Settlement Agreement," and that she has suffered a loss "[d]ue to BOA's continuous wrongful denial to comply under...the Settlement Agreement."  (Compl. 132.)  Such conclusory statements of entitlement to relief are insufficient to state a claim under the ordinary pleading standard and clearly do not rise to the level required by Rule 9(b)'s elevated standard.  See Iqbal, 556 U.S. at 678.

Rhynes does not claim that she is entitled to relief under the terms of HAMP.  She and the Defendants agree that individuals have neither a private right of action nor a third-party beneficiary claim under HAMP.  (Pl.'s Resp.)  Rhynes argues instead that the Court should adopt the reasoning of the Northern District of Illinois, interpreting the Illinois Consumer Fraud Act, and find that conduct that violates the standards set forth in an applicable best practices guideline, such as HAMP, can constitute unfair and deceptive practices for purposes of "little FTC laws."  (Id.); Boyd v. U.S. Bank, N.A., 787 F. Supp. 2d 747, 752-54 (D. Ill. 2011).  Defendants cite

30

precedents from several other districts holding that HAMP creates no private right of action and that state law claims that are merely disguised HAMP claims cannot be maintained. (Defs.' Reply.) The Court need not decide this question because Rhynes fails to allege any unfair or deceptive practices, including violating any HAMP regulations, with sufficient particularity to meet the elevated pleading standard of Rule 9(b).

To meet the Rule 9(b) standard when asserting a TCPA claim, "at minimum, [p]laintiffs are required to allege the time, place, and content of the allegedly deceptive and unfair actions." Asemota, 2012 U.S. Dist. LEXIS 83744, at * 38. Rhynes alleges that she "believed that she was eligible to get a loan modification through [HAMP]" and that BOA's creation of a loss mitigation department "led disgruntled customers, like [her], to believe their loan problems would be addressed." (Compl. ¶¶ 98, 101.) She alleges that, "[d]espite numerous contacts," she was unable "to get any meaningful response to requests for loan modification" and that representatives of the Defendants "did not formally deny or reject her attempts to get her mortgage loan modified." (Id. ¶¶ 99-100.) She claims that she was initially told by a BOA employee that she could not receive HAMP assistance unless she was three months in default and that "she was advised to stop making her monthly note

31

payments." (Id. ¶ 113.) Rhynes does not allege that she relied on that advice. She alleges that "in or about 2009 [she] was offered a trial modification under the HAMP program." (Id. ¶ 114.) She alleges that "[s]he was promised that if she made scheduled payments for three months under the trial modification she would receive a permanent loan modification," and that, although she made the payments, her loan was not permanently modified. (Id. ¶ 115.) Rhynes also alleges that on several occasions after she defaulted on her loan she contacted BOA and was told that she qualified for a loan modification or was asked to send in financial documentation to allow her loan to be considered for modification. (Id. ¶¶ 116-118, 121, 129.) She alleges that, despite her compliance with BOA's requests, she was denied a loan modification and Defendants moved forward with their foreclosure. (Id. ¶¶ 119, 122, 129, 136.)

Rhynes' allegations lack the necessary specificity to state a claim under the TCPA. She does not allege the dates or even the months and years when the majority of the Defendants' alleged wrongful acts took place. More importantly, her Complaint fails to allege with specificity the content of the alleged wrongful acts because she does not indicate why the Court should find Defendants' actions unfair or deceptive. Rhynes admits that she has no direct entitlement to relief under HAMP. The mere fact that her repeated demands for loan

modification were denied does not establish that the Defendants'
actions in considering modification were unfair or deceptive.
She does not allege which, if any, HAMP regulations the
Defendants violated, or whether the Defendants were required to
comply with any of those regulations.

Rhynes' allegation that Defendants committed unfair and
deceptive acts in violation of the TCPA as to the trial
modification of her Note does not state a claim on which relief
can be granted.  Rhynes' claim arises from a foreclosure dispute
and is not within the definition of trade and commerce
established by the TCPA.  Rhynes' Complaint also fails to allege
sufficient facts to meet the Rule 9(b)'s elevated pleading
standard.  Rhynes' TCPA claims based on the trial modification
of her mortgage loan are DISMISSED.

**C. TILA**

Rhynes brings suit for damages under Regulation Z, 12 C.F.R. §
226.39, alleging that the Defendants failed "to notify [her] of
the change in ownership of mortgage."  Fifteen U.S.C. § 1641(g),
the statutory parallel to Regulation Z, states that:

> In addition to other disclosures required by this title, not
> later than 30 days after the date on which a mortgage loan is
> sold or otherwise transferred or assigned to a third party,
> the creditor that is the new owner or assignees of the debt
> shall notify the borrower in writing of such transfer
> including – (A) the identity, address, telephone number of the
> new creditor; (B) the date of transfer; (C) how to reach an
> agent or party having authority to act on behalf of the new
> creditor; (D) the location of the place where transfer of

ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).

Defendants do not claim that they complied with this statutory requirement.  They contend that Rhynes cannot state a claim for relief under Regulation Z because (1) she does not allege any actual damages resulting from Defendants' failure to disclose, and (2) she does not allege sufficient facts about the alleged transfer of her mortgage to meet the Rule 12(b)(6) standard.  (Mot. to Dismiss.)

Defendants' first objection is not well taken.  Fifteen U.S.C. § 1640(a) provides that:

> any creditor who fails to comply with any requirement under this chapter...including any requirement under...subsection (f) or (g) of section 131 [15 U.S.C. § 1641]...with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of the failure; (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction;...or (2)(A)(iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000.

15 U.S.C. § 1640(a).

"On its face, the statute provides that if a creditor violates the § 1640(g) notice requirement as to a mortgage loan, it is liable to the consumer in the amount equal to the sum of the consumer's actual damages...and statutory damages of double

34

the finance charge, subject to lower and upper limits of $400 and $4000." Brown v. CitiMortgage, Inc., 817 F. Supp. 2d 1328, 1330-31 (S.D. Ala. 2011). The "right of a TILA plaintiff to recover statutory damages, irrespective of the presence or absence of actual damages, is firmly entrenched in the case law." Id.; see also, e.g., Purtle v. Eldridge Auto Sales, 91 F.3d 797, 800 (6th Cir. 1996)("The purpose of the statutory recovery is to encourage lawsuits by individual consumers as a means of enforcing creditor compliance with the Act....A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover the statutory damages and attorney's fees." (internal citations omitted)).  If Rhynes has alleged sufficient facts to show a violation of § 1640(g), she has stated a claim for which relief can be granted.

Defendants contend that Rhynes has failed to plead sufficient facts to meet the standard under Rule 12(b)(6) because she has not alleged when a change in ownership took place, which defendant received the transfer and from whom, and whether Defendants were subject to the requirements of § 1641 at the time of any transfer.  (Mot. to Dismiss.)  Rhynes contends that it would be impossible for her to provide exact dates and transfer information because the gravamen of her claim is that the Defendants did not provide the required information, which was in their exclusive possession.  (Pl.'s Resp.)  Rhynes argues

that she has alleged generally "that most of the Pay Option ARMs originated by Countrywide were sold onto the secondary market and that Countrywide was acquired by the[] defendants," and that no more specific information is available to her without discovery. (Id.) Under nearly identical facts in Humphreys, the Court found that the plaintiff had stated a facial claim under the TILA and that he was not required to plead specific information which he did not have but which was likely to become available during discovery. 2012 U.S. Dist. LEXIS 40954, at * 32.

Rhynes has alleged that her mortgage changed owners and that she was not notified of the change as required under § 1641. Accepting Rhynes' allegations as true and making all reasonable inferences in her favor, she has alleged sufficient facts to state a claim for which relief could be granted under the TILA. Therefore, Defendants' Motion to Dismiss Rhynes' claim for violation of Regulation Z is DENIED.

### V.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim is GRANTED in part and DENIED in part. Rhynes' claims for fraud in the inducement of a contract, negligent and intentional misrepresentation, and violation of the TCPA with regard to the original mortgage transaction are DISMISSED as time-barred. Rhynes' claims for breach of contract

36

and violation of the TCPA with regard to the trial modification are DISMISSED.   The Motion to Dismiss Rhynes' claim for violation the TILA is DENIED.

So ordered this 26th day of March, 2013.

s/ Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE